IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JESSICA KEMP, an individual, and MICHAEL POWELL, an individual;<br><br>Plaintiffs,<br><br>Vs.<br><br>Mr. VAPOR WHOLESALE, LLC, a MICHIGAN LIMITED LIABILITY COMPANY; INTERNATIONAL SUPPLY WHOLESALE, LLC, a MICHIGAN LIMITED LIABILITY COMPANY; and JACKSONS FOOD STORES, INC., a NEVADA CORPORATION<br><br>Defendants. | Case No: 26CV41802<br><br>SUMMONS |

**Mr. Vapor Wholesale, LLC** c/o: MAZIN SAMONA
1104 W MAPLE RD, SUITE 2
TROY, MI 48084

IN THE NAME OF THE STATE OF OREGON, you are hereby required to appear and defend the Complaint filed against you in the above-entitled cause within (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the Trial Court Clerk located at Multnomah County Courthouse, 1200 SW 1st Ave, Portland, OR 97204 within 30 days of the day you received these papers, along with the required filing fee. The "motion" or "answer" must be in proper form and must show that a copy of your "motion" or "answer" has been served on plaintiff's attorney. If plaintiff does not have an attorney, you must show that you made such service on plaintiff.



YERVASI LAW, PC
PO Box 50 * 1990 Third Street
Baker City, OR 97814
Telephone: (541) 523-7973 Email: damien@yervasilaw.com

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll free in Oregon at (800) 452-7636.

*/s/ Damien R. Yervasi*
Damien R. Yervasi OSB# 954609
Attorney for Plaintiff
PO Box 50/1990 3rd Street
Baker City, OR 97814
Phone: 541-523-7973
Fax: 541-523-7993
damien@yervasilaw.com

STATE OF OREGON, County of Baker) ss.

I, the undersigned Attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Damien R. Yervasi, OSB# 954609
Attorney for Plaintiff



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814
Telephone: (541) 523-7973 Email: damien@yervasilaw.com

8/7/2026 10:52 AM
26CV41802

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JESSICA KEMP, an individual, and MICHAEL POWELL, an individual;<br><br>Plaintiffs,<br><br>Vs.<br><br>Mr. VAPOR WHOLESALE, LLC, a MICHIGAN LIMITED LIABILITY COMPANY; INTERNATIONAL SUPPLY WHOLESALE, LLC, a MICHIGAN LIMITED LIABILITY COMPANY; and JACKSONS FOOD STORES, INC., a NEVADA CORPORATION<br><br>Defendants. | Case No:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL - (Action for Strict Products Liability, Negligence, Breach of Failure and Duty to Warn)<br><br>CLAIM NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Prayer for Relief $206,907,000.00<br><br>(Filing Fee Pursuant to ORS 21.160(1)(e): $1,178.00) |

## GENERAL ALLEGATIONS

Upon information and belief, Plaintiffs allege as follows:

1.

At all times material, Plaintiff Jessica Kemp was a resident of Oregon.

2.

At all times material, Plaintiff Michael Powell was a resident of Oregon.

3.



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

Defendant Mr. Vapor Wholesale, LLC ("Mr. Vapor") was, at all times material, a Michigan limited liability company with its principal place of business in Troy, Michigan. Mr. Vapor was engaged in the business of designing, manufacturing, assembling, branding, importing, marketing, distributing, and/or selling rechargeable electronic smoking devices, including the product identified on information and belief as the "Mr. Vapor Elite" vape device at issue in this case.

4.

Defendant International Supply Wholesale, LLC ("International Supply") was, at all times material, a Michigan limited liability company with its principal place of business in Troy, Michigan. According to the product packaging and on information and belief, International Supply acted as the distributor, supplier, importer, and/or wholesaler of the Mr. Vapor Elite vape device involved in this occurrence.

5.

Defendant Jacksons Food Stores, Inc. ("Jacksons") was, at all times material, a Nevada corporation registered in Oregon, which maintains the office of its registered agent in Portland, Oregon.

6.

At all times material, Jacksons was engaged in the business of selling in Multnomah County, Oregon vape devices and related consumer products to the public, including those made and distributed by Mr. Vapor and International Supply.

7.

Defendant Jacksons owns and operates approximately 38 stores in the greater Portland area according to their website. At many, if not all, of those stores, they sell products designed, manufactured, and marketed by Defendant Mr. Vapor and International Supply.

8.

Venue is proper in Multnomah County, Oregon, because each Defendant regularly transacts business in Oregon and has regular and sustained business contacts in Multnomah County sufficient to support venue in this Court.



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

9.

The products that Jacksons sells at their Multnomah County stores are or were substantially the same as those used by Plaintiffs Jessica Kemp and Michael Powell.

10.

At all material times, Defendants were each engaged in the business of placing the subject vape device into the stream of commerce for sale and use by ordinary consumers.

11.

The subject vape device contained an internal rechargeable battery system and associated charging electronics, including a battery-management or charge-control system, that permitted the device to be charged through a USB-C style charging connection.

12.

The subject product was not sold with a USB-C style charging cord or power supply and instead Defendants left it up to the consumer to provide the requisite cable and power supply.

13.

On or about September 11, 2024, Defendant Jacksons sold a Mr. Vapor Elite Blue Raz vape device to Plaintiff Michael Powell from a Jacksons retail location in Fruitland, Idaho.

14.

Mr. Powell provided the vape device to Plaintiff Jessica Kemp, in new condition without substantial change, and she used it for approximately one day in the ordinary and intended manner as anticipated by Defendants.

15.

On September 11, 2024, Plaintiffs checked into room 243 at Motel 6 in Ontario, Oregon, while looking for an apartment.

16.

By the morning of September 12, 2024, the vape device's internal



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

battery had run low and needed to be recharged.

17.

After Plaintiff Powell left for work, Plaintiff Jessica Kemp began charging the vape device in the motel room using a USB-C charger which was a fit with the Mr. Vapor Elite vape device.

18.

Ms. Kemp connected the Mr. Vapor Elite vape device to a charger and was on her bed with it, charging it in the manner intended for its purpose.

19.

While charging, and without warning, the Mr. Vapor Elite vape device exploded and/or underwent thermal runaway, igniting the bedding and surrounding materials and setting the motel room on fire.

20.

The explosion and fire occurred during an early charging cycle, given just after purchase, which is significant because the subject unit likely involved a product-specific defect, specifically a manufacturing defect in the cell, or a variance in charging voltage and/or current beyond exemplar values.

21.

The Oregon State Fire Marshal later concluded that the room of origin was room 243, that the area of origin was most probably on or near the bed, and that the electrical failure in a vape device due to overheating while being charged was the most likely cause.

22.

Ontario police also documented that Ms. Kemp stated she plugged in her Mr. Vapor Elite vape device and that the vape exploded in her hand.

23.

As a direct result of the explosion and fire, Plaintiff Jessica Kemp suffered catastrophic thermal and chemical burn injuries to her torso, legs, arms, and neck, together with permanent disfigurement and other severe injuries.



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

24.

Ms. Kemp's injuries include, among other things, 4th degree burns over approximately 1/3 of her body, amputation injuries to her right hand, wrist, and forearm below the elbow, loss of her left breast, extensive scarring, pain, disability, and permanent impairment, all according to proof at trial.

25.

Plaintiff Jessica Kemp has incurred medical expenses in excess of $2,000,000.00, or an amount to be proved at trial.

26.

Plaintiff Jessica Kemp will continue to incur future medical expenses, reconstructive surgery costs, prosthetic costs, and other life-care expenses expected to reach $3,000,000.00 or an amount to be proved at trial.

27.

Jessica Kemp has suffered and will continue to suffer past and future wage loss and impairment of earning capacity, in the approximate amount of $1,900,000.00 or an amount to be proved at trial.

28.

Plaintiff Jessica Kemp has suffered and will continue to suffer pain, mental anguish, emotional distress, loss of enjoyment of life, inconvenience, humiliation, sleep disruption, and other non-economic damages, all to her non-economic damages of $200,000,000.00 or an amount to be proved at trial.

29.

Plaintiffs also suffered property damage and loss of personal property in the fire, in the approximate amount of $7,000.00 or an amount to be proved at trial.

30.

At the time the Mr. Vapor Elite vape device left the possession and control of the manufacturing, importing, distribution, and retail Defendants, it was expected to and did reach the ultimate user without substantial



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

change in the condition in which it was sold.

31.

The product was defective and unreasonably dangerous in one or more respects, including but not limited to defective battery design, defective battery manufacturing, inadequate charge-control features, inadequate thermal protection, inadequate instructions for safe charging, and inadequate warnings concerning the foreseeable risk of overheating, explosion, and fire during charging.

32.

The product was defective and unreasonably dangerous in that, among other things, the battery-management system did not track cell temperature and did not protect the cell from thermal degradation during charging, creating conditions in which exothermic reactions can accelerate into thermal runaway.

33.

The product was defective and unreasonably dangerous in that, based on information and belief, the cell used a lithium-cobalt-oxide (LCO) cathode chemistry, and the battery chemistry and charge-control design were mismatched in a manner that allowed cell damage and thermal runaway as a likely consequence during foreseeable charging.

34.

Defendants knew, or in the exercise of reasonable care should have known, that internal battery system vape products present a foreseeable risk of overheating, explosion, and fire if not properly designed, manufactured, tested, labeled, and instructed for consumer use.

35.

Defendants knew or in the exercise of reasonable care should have known that internal rechargeable batteries can undergo thermal runaway, a self-sustaining and uncontrollable temperature increase caused by internal chemical failures, which can rapidly result in smoke, toxic fumes, fire, or explosion, and that such hazards are heightened where the product lacks adequate charge control, thermal monitoring, warnings, and instructions.





YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

36.

Defendants also placed the subject Mr. Vapor Elite vape device into the stream of commerce with warnings and instructions that, on information and belief, failed to meet ANSI Z535 standards and failed to follow the CPSC Manufacturer's Guide to Developing Consumer Product Instructions.

37.

The Defendants packaging warnings focused on nicotine rather than battery hazards; the back-of-box precautionary language was printed in extremely small type, approximately 4-point font, in black text on a dark blue background; and the product failed to warn of the presence of an internal rechargeable battery, the possibility and consequences of thermal runaway, how to recharge the battery safely, how to know when the battery was fully charged or overheating, how to avoid overcharging, and what to do if the device became overheated.

38.

Defendants nevertheless placed the subject Mr. Vapor Elite vape device into the stream of commerce without adequate safety design, quality control, testing, warnings, or instructions sufficient to protect ordinary consumers such as Ms. Kemp.

39.

As a direct and proximate result of one or more defects in the subject Mr. Vapor Elite vape device and Defendants' conduct described herein, Plaintiffs were damaged in the amount pleaded herein or an amount to be proved at trial.

**FIRST CLAIM FOR RELIEF**

**Strict Products Liability — ORS 30.920**

***Against All Defendants***

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 39 as though fully set forth herein.

40.

Defendants Mr. Vapor, International Supply, and Jacksons were each



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

engaged in the business of designing, manufacturing, assembling, importing, distributing, wholesaling, marketing, and/or selling products such as the subject Mr. Vapor Elite vape device.

41.

Defendants sold and/or otherwise placed the subject Mr. Vapor Elite vape device into the stream of commerce for use by consumers such as Plaintiffs.

42.

The subject Mr. Vapor Elite vape device reached Plaintiffs without substantial change in the condition in which it was sold.

43.

At the time it left Defendants' control, the subject Mr. Vapor Elite vape device was in a defective condition and was unreasonably dangerous to the user or consumer.

44.

The subject Mr. Vapor Elite vape device defects included, a battery-management system that did not monitor cell temperature, a charge-control system that allowed charging temperatures to reach or exceed the threshold for SEI decomposition, and an absence of reasonable alternative safety measures such as a temperature probe on the cell to adjust charging current and keep cell temperature well below 50 degrees Celsius, or the use of a cell chemistry with a higher temperature threshold for degradation.

45.

The defective and unreasonably dangerous condition of the Mr. Vapor Elite vape device included one or more design defects, manufacturing defects, inadequate warnings, and inadequate instructions for charging and use.

46.

As a direct and foreseeable result of those defective conditions, Plaintiff Jessica Kemp suffered severe physical injury and damage as stated herein. Plaintiffs also suffered property damage.



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

## SECOND CLAIM FOR RELIEF

### Negligence

### *Against All Defendants*

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 46 as though fully set forth herein.

47.

Defendants owed Plaintiffs a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, importation, distribution, labeling, instruction, marketing, and sale of the subject Mr. Vapor Elite vape device.

48.

Defendants further owed Plaintiffs a duty to use reasonable care to avoid placing into the stream of commerce a product that posed an unreasonable risk of explosion, thermal runaway, fire, and catastrophic burn injury during ordinary and foreseeable charging and use.

49.

Defendants breached those duties, including but not limited to by failing to safely design the battery and charging system; failing to properly manufacture and inspect the product; failing to conduct adequate testing; failing to implement adequate quality-control measures; failing to specify a safe charger type and charging parameters; failing to provide adequate charging instructions; failing to provide adequate warnings; and failing to recall, redesign, or otherwise make the product safe before sale.

50.

Defendants further breached these duties by using a battery chemistry and charge-control design that permitted cell temperatures during charging to approach or exceed thermal-decomposition thresholds; failing to incorporate temperature tracking into the battery-management system; failing to control charging current and voltage within safe tolerances; and failing to guard against an internal short circuit or other product-specific defect capable of triggering thermal runaway during the first few charging cycles.

///





YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

51.

Jacksons further breached its duties, to the extent shown by the evidence, by selling the subject Mr. Vapor Elite vape device without adequate warnings or instructions and by placing into the hands of consumers a product that was not reasonably safe for ordinary and foreseeable use.

52.

As a direct and foreseeable result of Defendants' negligence, Plaintiff Jessica Kemp suffered severe personal injury and Plaintiffs suffered property damage.

**THIRD CLAIM FOR RELIEF**

**Failure to Warn / Failure to Instruct**

**Against All Defendants**

Plaintiffs re-allege and incorporate by reference paragraphs 1 through 52 as though fully set forth herein.

53.

The subject Mr. Vapor Elite vape device lacked adequate warnings and instructions concerning the foreseeable risk of battery overheating, explosion, ignition of bedding or nearby combustible materials, and serious burn injury during charging.

54.

The subject Mr. Vapor Elite vape device packaging did not warn of the presence of a LCO battery, did not explain the possibility or consequences of thermal runaway, and did not provide a hazard-oriented warning using an appropriate signal word such as DANGER, WARNING, or CAUTION tied to the battery-fire risk.

///

///

///

///

///





YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

55.

The subject Mr. Vapor Elite vape device further lacked adequate instructions identifying a safe charger type, safe voltage/amperage parameters, safe placement while charging, the need for active supervision while charging, the need to avoid charging while sleeping or on bedding, and the steps a user should take if the product became hot, emitted odor, hissed, or otherwise malfunctioned.

56.

The subject Mr. Vapor Elite vape device insert card merely stated 'INPUT 5V/1A,' 'PROHIBIT THE USE OF CAR CHARGERS,' 'Avoid leaving device in a high temperature environment,' 'Once fully charged, unplug the device,' and 'Do not overnight charge,' but failed to define what constituted a high-temperature environment, how a user would know when the device was fully charged, how long an 'extended period' meant, or what hazard would result from noncompliance.

57.

Defendants knew or should have known that the absence of adequate warnings and charging instructions created an unreasonable risk of catastrophic injury to ordinary consumers.

58.

Had adequate warnings and instructions been provided, Plaintiff Jessica Kemp would have avoided or materially altered the manner of charging the product and her injuries would have been avoided or substantially reduced.

59.

As a direct and foreseeable result of Defendants' failure to warn and failure to instruct, Plaintiff Jessica Kemp suffered severe personal injury and Plaintiffs suffered property damage.

///

///

///



YERVASI LAW, PC
PO Box 50 *1990 Third Street
Baker City, OR 97814

Telephone: (541) 523-7973 Email: damien@yervasilaw.com

60.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally as allowed by law, as follows:

1. For past medical expenses in an amount to be proved at trial;
2. For future medical, surgical, prosthetic, rehabilitation, and life-care expenses in an amount to be proved at trial;
3. For past and future lost wages and impairment of earning capacity in an amount to be proved at trial;
4. For noneconomic damages in an amount to be proved at trial;
5. For property damage in an amount to be proved at trial;
6. For pre-judgment and post-judgment interest as allowed by law;
7. For Plaintiffs' costs and disbursements incurred herein;
8. For such other and further relief as the Court deems just and proper.

DATED this ____ day of _____________, 2026.

YERVASI LAW, PC

/s/ Damien R. Yervasi
Damien R. Yervasi, OSB # 954609
damien@yervasilaw.com

and

STARK & STARK, LLP

/s/ Domenic B. Sanginiti, Jr.
Domenic B. Sanginiti, Jr.
David Schmid
*pro hac vice applications forthcoming*
100 American Metro Boulevard
Hamilton, NJ 08619
Telephone: (609) 895-7399
Facsimile: (609) 896-0629